[Cite as *Tice v. Dept. of Transp.*, 2010-Ohio-6657.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES T. TICE

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-04173-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}   Plaintiff, Charles T. Tice, filed this action against defendant, Department of Transportation (ODOT), alleging his 1999 Dodge Ram pickup truck was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 South in Richland County.  In his complaint, plaintiff offered the following narrative description of his damage incident noting:  "I was traveling south on Interstate 71 middle lane at mile marker unknown 1 mile north of exit 169 on Jan 15th 2010.  I hit a deep pothole which caused my hood to become unlatched, coming up and hitting my windshield which caused damage to my hood, windshield, cablights, grille (attached to hood) and windshield wipers."   Plaintiff submitted photographs depicting damage on his truck.  Plaintiff requested damages in the amount of $1,794.42, his stated cost of truck repair.  Plaintiff submitted a repair estimate from an auto body shop dated January 28, 2010 containing a total cost of repairing the 1999 Dodge Ram at $1,631.92.  The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2}   Defendant explained the particular roadway area on Interstate 71 where

plaintiff's described incident occurred "was under warranty by Shelly & Sands Inc." (Shelly), an ODOT contractor. From defendant's investigation and plaintiff's description it appears that the alleged January 15, 2010 property damage event occurred at milepost 170.00 on Interstate 71 in Richland County. According to defendant, "the warranty will last for the section of road where plaintiff had his incident until December 14, 2012." Defendant asserted Shelly assumed the maintenance responsibility for the section of roadway on Interstate 71 from milepost 164.58 to 171.64 and consequently, Shelly "is responsible for any occurrences or mishaps in the area in which they are working." Therefore, defendant seemingly argued Shelly should be the proper party defendant in this action. Defendant implied all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated to Shelly. Defendant submitted an ODOT "Maintenance History" for Interstate 71 covering the period from July 1, 2009 to January 15, 2010. According to the submitted "Maintenance History," ODOT personnel assumed the duty of repairing potholes on the area of roadway warranted by Shelly. ODOT crews patched potholes in the vicinity of milepost 170.00 on Interstate 71 in Richland County on January 6, 2010, January 8, 2010, and January 12, 2010. Defendant also submitted documentation showing Shelly personnel patched potholes in the vicinity of milepost 170.00 on Interstate 71 on January 13, 2010 and January 14, 2010. ODOT records show four tons of patching material were used to repair potholes during operations on January 6, 2010, January 8, 2010, and January 12, 2010. Defendant advised that all pothole patching operations on Interstate 71 ceased "at noon on January 15, 2010 because of the regulation within the warranty work."

**{¶ 3}** Defendant asserted that neither ODOT nor Shelly had any knowledge of a pothole within the vicinity of milepost 170.00 on Interstate 71 prior to plaintiff's stated January 15, 2010 incident. Defendant's records show no calls or complaints were received at the ODOT Richland County Garage regarding a pothole at milepost 170.00 on Interstate 71. Defendant argued plaintiff has failed to prove his property damage was attributable to any conduct on either the part of ODOT or Shelly. Defendant suggested that the property damage plaintiff claimed was not caused by a roadway defect, but due to an incorrectly latched or defective hood on plaintiff's vehicle. Plaintiff did not respond.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of a pothole on Interstate 71 at milemarker 170.00 on January 15, 2010.

{¶ 7} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances, defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. Evidence of constructive notice is inconclusive considering the amount of pothole patching that was conducted by both ODOT and Shelly in the days prior to January 15, 2010.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff failed to prove his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

Consequently, plaintiff's claim is denied.

**{¶ 11}** Furthermore, it should be noted that the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds the assertion of plaintiff regarding the cause of the damage claimed to not be particularly persuasive.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES T. TICE

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-04173-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Charles T. Tice  
4015 St. Rd. 38  
Richmond, Indiana  47374

Jolene M. Molitoris, Director  
Department of Transportation  
1980 West Broad Street  
Columbus, Ohio  43223

RDK/laa  
9/16  
Filed 11/10/10  
Sent to S.C. reporter 2/11/11